UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Mia Tarducci,

    Plaintiff,

v.

Kristen Coates,

    Defendant.

C.A. No.:

# COMPLAINT

Plaintiff Mia Tarducci brings this action against Kristen Coates and alleges as follows:

## PARTIES

1. Plaintiff Mia Tarducci ("Tarducci") is an individual and resident of the Commonwealth of Pennsylvania.

2. Defendant Kristen Coates ("Coates") is an individual and resident of the state of Rhode Island.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b), and under the doctrine of pendent jurisdiction.

4. Venue exists in this Court pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

5. Tarducci is an artist whose work has appeared in galleries, exhibitions and published art collections.

6. Tarducci has been showing and selling her art for over a decade. Tarducci has developed a reputation as a premier artist, and her works sell for significant prices.

7. Coates operates a gallery and store located in Newport, Rhode Island where she sells pieces of art and various household items. Coates also operates a website www.KristenCoates.net where she offers art and other items for sale and promotes her services as a decorator (the "Coates Website"). The art Coates offers for sale in her store and on her website includes pieces she claims to have created.

8. In 2016, Tarducci produced a coordinated collection of eight 48" x 48" themed paintings referred to as "Floor Details". Each of the individual works in the "Floor Details" collection is the subject of a United States Copyright Registration. True and accurate copies of Registration Nos. VA0002183749, VA0002183721, VA0002183726, VA0002183728, VA0002183719, VA0002183720, VA0002185293 and VA0002183730 are reproduced as **Exhibit A**, including illustrations of the copyrighted work (collectively, the "Registrations").

9. Tarducci's "Floor Details" collection appeared in a juried exhibition at the Carnegie Museum of Art in Pittsburgh, where they received the prestigious Leon Arkus Award. Images of at least a portion of the images contained in the Registrations are displayed on Tarducci's website, www.miatarducci.com (the "Tarducci Website").

10. In the summer of 2018, Tarducci and Coates discussed the possibility of placing some of Tarducci's works in Coates' gallery. Coates indicated interest in one of the paintings in

2

Tarducci's "Floor Details" collection and a second derivative painting (the "Tarducci Works"). Coates accessed the Tarducci Website in conjunction with her evaluation of the Tarducci Works.

11. Tarducci brought the Tarducci Works to a meeting with Coates at Coates' gallery. Coates told Tarducci that the "Floor Details" images included in the Tarducci Works presented unique images in a new and different style.

12. Coates represented to Tarducci that she had a client interested in the paintings and that if the client chose not to purchase them, she would put the works in her gallery. In reliance on Coates' representations, Tarducci left the Tarducci Works in Coates' possession. No discussion of exclusivity for the display of any of Tarducci's works, including the subject of the Registrations, was had between the parties. A true and accurate photograph of the Tarducci Works entrusted to Coates is attached as **Exhibit B**.

13. During the week after Tarducci left her works in Coates' possession, Coates contacted Tarducci and asked Tarducci to pick them up. Coates complained that Tarducci was displaying other works in another gallery on Memorial Avenue in Newport.

14. Although Tarducci had never agreed to give Coates an exclusive right to show her works, Tarducci complied with Coates' request and retrieved the Tarducci Works from Coates. Tarducci subsequently returned to Pittsburgh.

15. Subsequently, Coates presented in her gallery and posted on her website two 48" x 48" paintings entitled "The Cost of Doing Business" (the "Infringing Works"). Images of the Infringing Works are attached as **Exhibit C**.

16. The Infringing Works are substantially similar to the images identified in the Registrations.

17. Coates had access to the Tarducci Works, at least one image of which is included in the Registrations, while the Tarducci Works were in her possession and displayed in her gallery. Coates also had access to the images identified in the Registrations while accessing the Tarducci Website.

18. Tarducci learned of the existence of the Infringing Works from a gallery owner in Newport, who identified the substantial similarity among the Infringing Works, the Tarducci Works and the images identified in the Registrations. Other members of the Newport art community indicated confusion as to the origin of the Infringing Works.

19. Tarducci investigated and found that Coates was offering the Infringing Works for sale on her website for $3,000 each.

20. Tarducci demanded that Coates remove the Infringing Works from public display.

21. By letter dated November 14, 2019, Coates, through counsel, responded that she would remove the Infringing Works from her gallery and website and she "pledge[d]" to keep them in her private collection in the future.

22. Coates did not remove the works from her website. For months they continued to appear on the "Designers" page of the website.

23. Upon information and belief, Coates produced the Infringing Works during or shortly after the time that she had access to the Tarducci Works in her possession as well as the on the Tarducci Website.

24. Upon information and belief, Coates' titling of the Infringing Works as "The Cost of Doing Business" is a strong indication of Coates' willful infringement of the Registrations as well as her intent to unfairly compete with confusingly similar goods which would deceive potential and actual purchasers.

## COUNT I
(Copyright Infringement, 17 U.S.C. §401)

25. Tarducci incorporates paragraphs 1 – 24 as if fully set forth herein.

26. Tarducci owns all right, title and interest in and to the works included in "Floor Details" as illustrated in the Registrations.

27. Coates had access to the Tarducci Works and the images identified in the Registrations prior to the time the Infringing Works were produced.

28. The Infringing Works, which first appeared after Coates' acquired access to the Registrations, are substantially similar to the Registrations.

29. At all times relevant, Coates was aware of Tarducci's proprietary interest in the Tarducci Works as well as the remainder of the Floor Details series.

30. Coates' particular titling of the Infringing Works "The Cost of Doing Business" indicates Coates' willful and intentional copying of both the images and style of the works identified in the Registrations with the depicted images of the Infringing Works.

31. Coates willfully infringed and continues to willfully infringe the Registrations without permission from Tarducci, by copying the images identified in the Registrations and/or producing derivative works thereof without permission or license from Tarducci, by offering the Infringing Works for sale, and by publishing the Infringing Works on her website.

32. Coates has been enriched, and Tarducci has suffered damage, as a result of Coates' acts of infringement.

## COUNT II
(Unfair Competition, 15 U.S.C. §1125(a))

33. Tarducci incorporates paragraphs 1 – 32 as if fully set forth herein.

34. Coates' display of the Infringing Works in her store and on her website has confused and misled customers and is likely to continue to confuse and mislead customers to patronize Coates' business believing the works to be Tarducci's.

35. Coates has publicly displayed the Infringing Works with the intention of confusing or misleading the public. Coates' particular titling of the Infringing Works "The Cost of Doing Business" indicates Coates' willful and intentional desire to trade on Tarducci's goodwill and reputation with the depicted images of the Infringing Works.

36. Coates' public display of the Infringing Works constitutes unfair competition under the Lanham Act.

## COUNT III
(Unfair Competition)

37. Tarducci incorporates paragraphs 1 – 36 as if fully set forth herein.

38. Coates' display of the Infringing Works in her store and on her website has confused and misled customers and is likely to continue to confuse and mislead customers to patronize Coates' business believing the works to be Tarducci's.

39. Coates has publicly displayed the Infringing Works with the intention of confusing or misleading the public. Coates' particular titling of the Infringing Works "The Cost of Doing Business" indicates Coates' willful and intentional desire to trade on Tarducci's goodwill and reputation with the depicted images of the Infringing Works.

36. Coates' public display of the Infringing Works constitutes unfair competition under Rhode Island law.

WHEREFORE Tarducci requests that the Court enter Judgment in her favor and against Coates:

1) Requiring Coates to destroy the Infringing Works;

2) Enjoining Coates from infringing the Registrations;

3) Awarding damages for willful copyright infringement and unfair competition; and

4) Awarding such other relief as the Court deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

> Plaintiff,
> Mia Tarducci,
> By her attorney,
>
> */s/ Stacey P. Nakasian*
> Stacey P. Nakasian, Esq., #5069
> DUFFY & SWEENEY, LTD
> 321 South Main Street, Suite 400
> Providence, RI  02903
> (401) 455-0700
> snakasian@duffysweeney.com

Dated:  February 11, 2020